UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE HAYES,

    Petitioner,                                         Civil No. 2:07-11177
                                                    HONORABLE DENISE PAGE HOOD
v.                                                      UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Jesse Hayes, ("Petitioner"), presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for pandering, M.C.L.A. 750.455; four counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(a); and being a fourth felony habitual offender, M.CL.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. The charges arose from petitioner's sexual exploitation of a fifteen year old girl. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

1

The victim engaged in sexual intercourse with defendant for a three-week period, and during that time she prostituted herself for defendant. Defendant met the victim while she was walking the streets and he offered her a place to stay. Defendant then asked the victim if she wanted to prostitute herself and she answered that she did. Defendant gave the victim some tips on to how to prostitute. Defendant also gave the victim some condoms and showed the victim where to go to find clients. Defendant stayed close to the victim to monitor her when she prostituted. Moreover, the victim gave all her prostitution earnings to defendant.

*People v. Hayes,* No. 259299, * 2 (Mich.Ct.App. April 20, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 477 Mich. 867; 721 N.W. 2d 206 (2006). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. It was an abuse of discretion to admit the prior acts testimony in this case, where the "scheme or plan" was very weak, and the prejudicial impact far outweighed the probative value, allowing the evidence of bad acts to taint [Petitioner].

II. The trial court abused its discretion when it failed to grant [Petitioner's] motion for mistrial where a police witness improperly and erroneously told the jury that [Petitioner] was on parole.

III. There was prosecutorial misconduct requiring a new trial, where the prosecutor stated "Mr. Hayes sits here today because he is guilty."

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

2

> Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The prior bad acts claim.**

Petitioner first contends that the trial court improperly admitted "prior bad acts" or "other acts" evidence at his trial involving a prior act of pandering on the part of petitioner, in violation of M.R.E. 404(b).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting evidence of his prior act of pandering is non-cognizable on habeas review. *See Bey v. Bagley,* ---- F 3d----; 2007 WL 2768300, * 4 (6th Cir. September 25, 2007). The admission of this "prior bad acts" evidence against petitioner at his state trial does not

3

entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).

### B. Claim # 2. The mistrial claim.

Petitioner next claims that the trial court abused its discretion in refusing to declare a mistrial after a police detective made an erroneous statement concerning petitioner's parole status. When asked how he had obtained petitioner's address, Detective Muir testified,-"I believe it was either in the report, or I received it from his parole officer at the time". The trial court denied petitioner's motion for a mistrial, but instructed the jury that petitioner was not, in fact, on parole and that they were to disregard the police officer's testimony. In fact, the trial court judge described the detective's testimony as being "silly" and "stupid". In the jury's presence, the detective acknowledged that his testimony about petitioner being on parole was inaccurate. (Tr. 10/1/2004, p. 358-59).

The Michigan Court of Appeals rejected petitioner's claim, finding that the trial court's prompt instruction to the jurors to ignore Detective Muir's testimony about petitioner's parole status because it was untrue, Detective Muir's acknowledgement that the testimony was untrue, and the trial court's final instructions that the jury was to consider only evidence which had been properly admitted, were sufficient to cure any prejudicial effect from the testimony, such that the denial of the

4

motion for a mistrial was not an abuse of discretion. *Hayes,* Slip. Op. at * 3.

A trial court has the discretion to grant or deny a motion for mistrial in the absence of a showing of manifest necessity. *Walls v. Konteh,* 490 F. 3d 432, 436 (6th Cir. 2007); *Clemmons v. Sowders*, 34 F 3d 352, 354-55 (6th Cir. 1994).

Detective Muir's incorrect testimony about petitioner's parole status was not so prejudicial as to require a mistrial, in light of the trial court's immediate insrtuction to the jury that they were to disregard this testimony. *See United States v. Beamus,* 110 Fed. Appx. 513, 517 (6th Cir. 2004)(testimony that defendant was "on the run" from probation was not *pre se* prejudicial, so as to warrant mistrial, where jury immediately told to disregard that single, isolated remark ); *United States v. Harris*, 165 F. 3d 1062, 1066 (6th Cir. 1999)(police officer's allusion to defendant's prior arrest did not require a new trial since it was isolated and district court gave an immediate curative instruction); *United States v. Forrest*, 17 F. 3d 916, 920 (6th Cir.1994)(court did not abuse its discretion in not granting defendant's motion for mistrial, though agent's statement regarding defendant's previous incarceration directly contravened judge's specific warning, where judge provided clear admonition). Moreover, not only did the trial court judge tell the jury to disregard Detective Muir's testimony, he clearly instructed the jury that Detective Muir's statement concerning petitioner's parole status was "silly," "stupid," and untrue, all of which was confirmed by Detective Muir in the jury's presence. Finally, the judge's final instructions to the jury advised them not to consider anything that had not been admitted into evidence. A jury must be presumed to have followed a trial court's instructions. *See*

5

*Washington v. Hofbauer,* 228 F. 3d 689, 706 (6th Cir. 2000). The trial court's prompt and forceful instruction to the jury that they should disregard Detective Muir's testimony about petitioner's parole status because it was untrue, when coupled with the trial court's final instruction, was sufficient to remove any possible prejudice from Detective Muir's remarks. Petitioner has therefore failed to show that the trial court's failure to declare a mistrial was an abuse of discretion.

    **C. Claim # 3. The prosecutorial misconduct claim.**

Petitioner lastly contends that the prosecutor expressed a personal opinion about his guilt when he stated in closing argument that petitioner "sits here today because [he] is guilty of those crimes." The Michigan Court of Appeals rejected petitioner's claim, because when viewed in context, the prosecutor's remarks did not imply that he had any personal knowledge of petitioner's guilt, but were instead made in connection with the evidence that was presented at trial. The Michigan Court of Appeals further found that any possible prejudice was cured by the trial court's instruction to the jurors that the lawyers' statements and arguments were not evidence. *Hayes,* Slip. Op. at * 3-4.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case,

consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F. 3d 731, 737 (6th Cir. 1999). However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. *Id.* To constitute error, a prosecutor's alleged misconduct in arguing his personal belief, in a witness's credibility or in a defendant's guilt, must be flagrant. *See United States v. Humphrey,* 287 F. 3d 422, 433 (6th Cir. 2002).

In the present case, the prosecutor's statement to the jurors that petitioner sat before them because he was guilty was not improper, because the prosecutor's remark could be understood as a personal opinion as to petitioner's guilt only if viewed in isolation and not in the context in which the remark was made. *See United States v. Sherrill,* 388 F. 3d 535, 538 (6th Cir. 2004). The prosecutor's remark was made as part of a lengthy argument that summarized the evidence against petitioner. (Tr. 10/1/2004, pp. 398-419; 434-40). Because the prosecutor did not intimate a personal opinion as to

7

petitioner's guilt, the prosecutor's statement did not constitute misconduct. *Sherrill,* 388 F. 3d at 538. In addition, because the prosecutor's remarks were only a small part of an argument that focused heavily on summarizing the evidence and the trial judge informed the jury that the lawyers' arguments were not evidence, federal habeas relief is not warranted. *Byrd v. Collins*, 209 F. 3d 486, 532-33 (6th Cir. 2000).

## IV. ORDER

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

                                        s/ DENISE PAGE HOOD
                                        **HON. DENISE PAGE HOOD**
                                        UNITED STATES DISTRICT JUDGE

DATED: November 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Jesse Hayes, Reg. No. 224596, Standish Correctional Facility, 4713 West M. 61, Standish, MI 48658 on November 29, 2007, by electronic and/or ordinary mail.

                                        S/William F. Lewis
                                        Case Manager